STATE ex rel. McLAUGHLIN *v.* BAILEY, County Clerk of Missoula County.

[Submitted October 21, 1896. Decided, October 22, 1896.]

ELECTIONS—*Conventions*—*Validity of nominations.*—Where a regular Republican county convention, after completing its business adjourns *sine die*, and a portion of the members of the convention, including the presiding officer and secretary, then re-assemble as a county convention of the Silver Republican party, which was a regularly organized political party in the state, without any call having been issued for, or any delegates elected to, such convention, its proceedings are illegal and void. (*State ex rel. Metcalf* v. *Johnson, ante,* 548, cited.)

ORIGINAL PROCEEDING. Petition for an injunction. Writ made permanent.

*T. J. Walsh,* for Relator.

*M. S. Gunn,* for Respondent.

PER CURIAM.—The petition shows that the petitioner is the regular nominee of the Democratic party of Missoula county for the office of sheriff to be voted for at the general election to be held on the third day of November of this year. The petitioner brings this suit for himself and the other nominees of the Democratic party for the several county offices to be filled in said county at said election. The parties in interest are all electors in said county.

The petition alleges that on the 23d day of last September a regular county convention of the Republican party was held in Missoula county for the purpose of nominating a county ticket of said party to be voted for at the general election in November next; that said convention was properly and legally called and was in all respects regular; that said convention nominated candidates for the various county offices and that a certificate of the nomination of such candidates of said party was duly filed with the county clerk of said county by the proper officers of said convention. It is alleged that said convention after completing its business adjourned *sine die*. After the adjournment of said convention it is alleged that a portion of the delegates to

such convention, including the presiding officer and secretary thereof, assembled as a convention of the Silver Republican party, proceeded to nominate the same candidates that had been nominated for county offices by the Republican convention, which had just adjourned *sine die,* as aforesaid, and that thereafter the officers of said pretended convention of the Silver Republican party filed with the county clerk a certificate of the nomination of the candidates of said Silver Republican convention. The nominees of the Republican convention and of the Silver Republican convention are identically the same persons. This proceeding is instituted to enjoin the county clerk of Missoula county from placing the ticket nominated by said Silver Republican convention on the ballot under the head of the Silver Republican party.

It is alleged in the petition that the Silver Republican party is a regularly organized political party, in the state, and has been since the tenth day of last September; that no call for the holding of said alleged convention of the Silver Republican party was ever issued or published by any one, and that no delegates were ever elected by any constituency to such convention. These facts are admitted. The only question for determination by us is as to whether this assemblage was a convention as defined by our statutes with authority to nominate a ticket. The facts in this case are substantially the same as involved in *State ex rel. Metcalf* v. *Johnson,* just decided by this court. In that case this court held that the action of an assemblage of persons, met together under facts and circumstances like these disclosed in this case, in assuming or attempting to nominate a ticket of the party in existence was void and of no force or effect whatever. Upon the authority of that case the writ of injunction issued in this case is made permanent.

*Writ Granted.*